## KERR *v.* DEVELIN and others.

A master cannot charge for:

*Attendance on receiving decree of sale,* $1.

*Attending printers,* $1.

*For more than one copy of terms of sale or notice of sale to annex, or for more than one copy of memorandum of sale for purchaser to sign where there is but one piece of property sold.*

*Drawing receipt of payment of ten per cent., copy or duplicate,* 40c.

*Drawing receipt to purchaser for the purchase-money and copy,* 52c.

*Attendance to settle with complainant,* $1.

*Attendance to receive purchase money and deliver deed,* $1.

*Computing amount due complainant under the decree,* $1.

*Attendance on this computation,* $1.

*Attendance to pay according to decree,* $1.

*A duplicate beyond draft and copy of receipt for sum paid under decree.*

*Attending on receiving order made on a special motion,* $1.

*A charge for payment of taxes or assessments where the purchaser is allowed to make and does make the payment and not the master.*

*Drawing receipt for taxes and duplicate,* 40c.

    *Do.     do.     assessment and do.     40c.*

*Computing amount of surplus under decree,* $1. *Attending on this computation,* $1.

*Underwriting (to summons) and copy,* 30c.

*Drawing certificate of clerk of payment of surplus into court, copy and duplicate,* 40c.

*Attendance to pay printer for publishing notice of sale,* $1.

A master can charge for:

*Drawing terms of sale, 5 fo.,* $1, *and one copy* 30c; *and one copy of notice of sale to annex, 4 fo.,* 24c.

*Attendance to settle terms of sale,* $1.

*Draft and one copy of memorandum of sale for purchaser to sign,* 26c.

*Attendance at sale,* $1.

*Commissions on* $1800, *proceeds of sale,* $14.

*Drawing and signing deed to purchaser,* $5.

*Commissioner's fees taking the acknowledgment,* 38c. *Clerk's certificate thereto,* 25c.

*Drawing receipts for the several sums paid by the master under the decree.*

*Paying taxes on property sold,* $2.

**1842.**

KERR
*v.*
DEVELIN.

*Paying assessments on same, $2.*

*Drawing report of sale and schedules, where made in good faith and in antici-*
    *pation of being needed.*

*Signing summons to settle report.*

*Copies of report of sale made for parties at request at 6c. per fo.*

*Engrossing report of sale, &c. to file, $2,50.*

*Attendance to pay, $1.*

*Drawing affidavit of publication of notice of sale, 2 fo., and copy notice to annex,*
    *and oath, 76c. (when really performed,)*

*Paid printer publishing notice of sale, $4.*

*Posting notices in town and country, $2 (when actually paid as a disburse-*
    *ment.)   Affidavit of the fact, 67c. (do.)*

---

*Master.*
*Master's*
*Fees.*

THE VICE-CHANCELLOR :—Motion to compel one of the
masters of the court to bring into court some of the money
which he has retained for fees out of the proceeds of mortgag-
ed premises sold under the decree in the cause.   He sold the
premises for one thousand eight hundred dollars ; and made
up and filed his report, showing what disposition he had made
of the money.   Among other things, that he had retained six-
ty-six dollars and sixty-seven cents for his fees, commissions
and disbursements; and had brought into court three hundred
and twenty-one dollars twenty-four cents surplus.   An ac-
count, by way of schedule, shows the particular items or char-
ges making up the sixty-six dollars sixty-seven cents.   The
guardian *ad litem* of certain infant defendants objects to
some thirty items or more of the master's charges in such
account; and it is submitted to the court, not to the Vice-
Chancellor as a taxing officer, how far these items are al-
lowable.   In disposing of the objections, I would observe, in
the first place, that there are often steps taken and services
performed which would seem to be unavoidable in the pro-
gress of a suit, for which no compensation by law has been
made ; and the rule, in taxing costs, is to disallow all char-
ges for such services on the ground that the fee-bill, having
enumerated certain services that are to be paid for and spe-
cified the rate or amount of compensation for each service,
none other can be recognized as legal or proper to be taxed.
The language of the heading of the fee-bill is such as ne-
cessarily to exclude all other services beside those enumera-
ted.   It is " for the following services hereafter done or per-
formed in the several courts of law and equity in this state

by the officers thereof or in any proceeding authorized by law, the following fees shall be allowed." And whenever the chancellor has had occasion to review a taxation, it is evident, from his reported decisions, that he has felt himself bound by this principle to reject all charges for services not specifically or by necessary intendment embraced by or included in the fee-bill. The application of this principle to the master's charges, in the present case, overthrows a number of his charges :

1st. The first item objected to is :—" *Attendance on receiving decree of sale*, $1." It has recently been decided that such an attendance is not within the fee-bill.

2d. " *Attending printers*, $1." There is no allowance in the fee-bill for such an attendance, either with the notice of sale or order to procure its publication or to see that it is correctly inserted in the newspaper.

3d. *Drawing terms of sale 5 fo.*, $1.  2 copies 60c, and copy notice of sale, 4 fo. each to annex, 48c.          $2,08

I think here is an overcharge as respects copies. Where there is but one piece of property to be sold there can be no occasion for more than one copy and one copy notice to annex.

4th. " *Attendance to settle terms of sale*, $1" appears to me to be a proper charge within the fee-bill. The master may summon the parties in interest before him and give them a hearing on the subject ; and it is many times very proper and necessary that he should do so.

5th. *Drawing memorandum of sale for purchaser to sign, 1 fo.  Copy and duplicate, 40c.*" This is overcharged —why a duplicate copy when there is but one lot or parcel to sell? There should be but the draft and one copy—26c,

6th. " *Attendance at sale*, $1." This is a questionable item. The words of the fee-bill are, " Attending at the time and place of sale of property by him and adjourning the sale, &c. &c., $1"—but I think they may be read distributively or disjunctively, and that the fair and reasonable intendment is that it meant to give the fee for the attendance when actually sold, as well as for the attendance when the sale should happen to be adjourned. There is as much reason for it in one case as in the other ; and I believe that mas-

ters have always charged in both instances, indiscriminately. I shall therefore allow this charge to stand.

7th. "*Drawing receipt of payment of ten per cent.*, 1 *fo. and copy and duplicate,*                                          $0,40

No part of this charge is allowable in my judgment. It is a paper given to the purchaser and not to the master. It is not such a receipt as he is directed, by the decree, to take and file with his final report. If it is necessary for the purchaser to have a receipt, let him pay the master for drawing it.

8th. "*Commissions on $1,800 proceeds of sale, $14,*" is a correct charge.

9th. *Drawing and signing deed to purchaser, $5, and commissioner's fees taking the acknowledgment, 38c, and clerk's certificate thereto, 25c.*

These are all right.

10th. "*Drawing receipt to purchaser for the purchase-money, 2 fo. and copy,*                                          $0,52

This is like the receipt for the ten per cent., and not allowable.

11th. *Attendance to settle with complainant,*          $1,00

12th. *Attendance to receive purchase-money and deliver deed,*                                          $1,00

Neither of these are allowable. They are not such attendances as are provided for by the fee-bill; and must be regarded as covered or compensated for by commissions. For what are commissions allowed? For no other purpose, I apprehend, than to remunerate the master for his trouble in receiving, safely keeping and distributing the money; and how can he do all this, except by attendances at his office or other place when the purchaser goes to pay and take his deed and the parties also go to receive under the decree?

13th. *Computing amount due complainant under the decree,*                                          $1,00

14th. *Attendance on this computation,*                $1,00

15th. *Attendance to pay according to decree,*          $1,00

These three charges seem to me to be covered by the allowance of commissions, like the items 11 and 12 just mentioned. "Computing the amount under the decree" is not such a computation or taking of an account as

the fee-bill provides for. The decree does not direct, in
terms, the taking of an account of the amount due or the
making of a computation. This has already been done and
is shown by the master's report on which the decree is based.
And the decree, then, merely directs the payment over of
the amount reported due, with interest thereon from the date
of the report. This, it is true, requires a calculation of in-
terest ; but it is a mere incident to the payment and distri-
bution of the money directed by the decree which the com-
missions compensate. The attendances are parts of the
same service.

16th. *Drawing receipts for the several sums paid by the
master under the decree.* Such receipts he is directed to
take ; and it is proper for him to take them and file the same
with his final report. They are proper subjects of charge
for the master where he performs the service. But the mas-
ter has overcharged this service. There can be no occasion
for a duplicate beyond the draft and copy. Ten cents on
each must be deducted.

17th. *Attending on receiving order made on a special
motion,* $1,00. This is not an allowable item, as before
shown.

18th. *Paying taxes on property sold,*                       $2,00
*Drawing receipt for taxes fo.* 1 *copy and duplicate,* $0,40
*Paying assessments on same,*                               $2,00
*Drawing receipt for assessments fo.* 1 *copy and dupli-
cate,*                                                       $0,40

The services of a master in paying taxes and assessments
upon property sold by him, and which it is necessary to pay
in order to make a clear title to the purchaser—is within
the provision of the fee-bill, which allows a master two dol-
lars for " superintending and certifying the payment of mo-
ney when paid under his direction by a decree or order other
than to a party in the suit or into court." But the fact of the
master's having performed the service of paying a tax or as-
sessment in this case is denied. It appears, however, that there
was a small tax of $3,45 on the property when sold, which the
master being informed of, allowed the purchaser to deduct
from the purchase-money ; and then, of course, accounting for
it in his report as so much paid for taxes by him. Under

1842.

KERR
*v.*
DEVELIN.

these circumstances, I think the master cannot be considered as performing the service entitling him to charge the two dollars. He has been relieved from the trouble of seeing to the payment of the tax by his own consent in allowing the purchaser to retain the amount; and has, thereby, waived his right to charge for the service. A similar charge of two dollars, for paying assessment, the master consents should be stricken out, because, in fact, there was no assessment paid by him and none on the property to pay.

The two receipts charged for at forty cents each, one for the taxes and one for assessments, must also be disallowed.

19th. *Computing amount of surplus under decree,* $1,00
*Attending on this computation,* 1,00

There is no computation of surplus. The surplus, if any, must appear when the master makes up his final report; and when he files his report, he deposites the surplus. There may be a computation or the taking of an account of deficiency when the decree so directs, for which the master may charge a dollar; and if he has issued a summons for parties to appear before him on the occasion, as he may do, he will be entitled to charge for his attendance on it. But the two charges in question for computing surplus and attendance seem to me to be improper.

20th. *Drawing report of sale fo.* 18 *and copy,* $4,68
*Drawing schedule A. fo.* 4 *and copy* 0,64
*Drawing schedule B. fo.* 3 *and copy,* 0,48

The copies of draft report and schedules before engrossment are objected to. Such copies may become necessary under the 109th rule; and if they are, in fact, prepared by the master, in anticipation of being needed or called for and this is done in good faith, he may charge for them: but the master has charged in another place for two copies of report furnished at request and, of course, the copies here charged must come out.

21st. *Signing two summons to settle report,* $0,25
*Underwriting and copy,* 0,30

I understand the master as swearing that summons were issued to attend the settlement of his report. It is not his business, however, to draw and copy the "underwriting" any more than it is to draw the summons. The chancel

lor has decided, that both belong to the solicitor; and that the master cannot charge for any thing more than his twelve cents for signing summons.

22d. *Attendance to settle report of sale litigated,* · $3,00

It is denied that there was any argument or litigation about the settling of his report; and I do not understand the master as saying there was any. Two dollars of this charge must, therefore, be deducted.

23d. *Two copies of report of sale for parties at request,* 36 *fo.,*                                                      $2,16

These copies appear to have been furnished by the master, and are correctly charged.

24th. *Engrossing report of sale, &c. to file,*          $2,50

25th. *Drawing certificate of clerk of payment of surplus into court, fo.* 1, *copy and duplicate,*                 $0,40

*Attendance to pay,*                                        1,00

The charge for duplicate copy of certificate and for certificate are both wrong.

26th. *Drawing affidavit of publication of notice of sale, fo.* 2, *and copy notice to annex and oath,*           $0,76

When this service is performed by the master, it is right for him to charge for it.

27th. *Paid printer publishing notice of sale,*        $4,00

*Attendance,*                                              1,00

As a disbursement by the master, the first of these two items is proper; but the attendance to pay the printer's bill is not provided for by the fee-bill.

28th. *Posting notices in town and country,*          $2,00

*And affidavit of the fact,*                              0,67

These items, as necessary disbursements actually paid, like the printers' bills, are, of course, to be reimbursed to the master; and are in this instance, I believe, correctly charged.

On the whole, I find the objectionable items in the master's account, which I have pointed out, come to $22,80, and these he has no right to retain. This amount he must still pay into court as a part of the surplus.